IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 1 3 2001

DAVID J. MALAND, CLERK
BY
DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § NO. 6:70CV5176 (Justice) | |
| v | § | |
| | § | |
| TYLER INDEPENDENT SCHOOL | § | |
| DISTRICT, ET AL | § | |

## ORDER

The motion of defendant Tyler Independent School District (T.I.S.D.) to modify the desegregation order now in effect for the 2001-2002 school year has been presented for consideration. The motion recites that the T.I.S.D. desires to re-assign students from the existing Gary Elementary School facility to the renovated "Caldwell facility" on South College Avenue in downtown Tyler, and to convert the relocated Gary elementary program to an arts magnet school serving the students within the current Gary attendance zone and up to 150 additional students from other elementary schools within the district. The motion further states that the T.I.S.D. desires to use the existing Gary facility to house its Elementary Gifted/Talented program, Instructional Technology and other administrative and training functions. It is also stated that the two facilities under consideration are in the same attendance zone.

The plaintiff, the United States of America, opposes the motion on the grounds that T.I.S.D. has not provided sufficient information upon which it or the Court may properly evaluate the desegregative effects of T.I.S.D.'s proposal.

Although the T.I.S.D.'s motion was filed on April 27, 2001, it was not, through inadvertence, called to the attention of the court until June 1, 2001. The beginning of the school

year is rapidly approaching, and it is, therefore, imperative that a ruling on the motion be made

promptly, to the end that disruptions in the beginning of the school term may be avoided.

The undersigned judge formerly lived within a few blocks of the facilities mentioned

above and is well acquainted with both.  The T.I.S.D.'s proposal will not affect presently existing

attendance zones, since both of the school facilities in question are located in the same

attendance zone.  The Tri-Ethnic Committee recommends approval of T.I.S.D.'s proposal.  The

proposal appears to be meritorious and will be approved by the Court.

The Court is not unmindful of the concerns of the plaintiff, expressed in its reply to

T.I.S.D.'s motion.  If it should develop during the 2001-2002 school year that the proposal has

adversely affected desegregation in the T.I.S.D., the Court will take action to remedy the

situation.

The other misgivings of plaintiff, expressed in its reply (particularly relative to the

overcrowding at Bonner Elementary School) will be addressed in future proceedings.  Toward

that end, the plaintiff will be authorized to conduct discovery, informal or otherwise, to ascertain

whether attendance zones in T.I.S.D. should be altered in the interest of desegregation.

Accordingly, it is

ORDERED that the desegregation plan now in effect be modified as follows:

Beginning with the 2001-2002 school year, T.I.S.D. may permanently relocate students

from Gary elementary to the Caldwell facility on South College Avenue in downtown Tyler and

may adapt the existing Gary facility to accommodate other district needs including its Elementary

Gifted/Talented program, Instructional Technology, and other administrative and educational

training functions.

It is further

ORDERED that the plaintiff may conduct such discovery as may be necessary, informal or otherwise, to determine whether the currently existing school attendance zones should be altered, for the purpose of achieving further integration.

SIGNED this 7th day of June, 2001.

William Wayne Justice
Senior U. S. District Judge